**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NIGEL ALBERT MARIN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>California Department of Rehabilitation,<br><br>　　　　Defendant. | Case No. 1:26-cv-03774 JLT FJS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. 3) |

### I.　INTRODUCTION

Nigel Albert Marin brings this action against the California Department of Rehabilitation, alleging that DOR has failed to provide "legally mandated vocational rehabilitation services to Plaintiff—a qualified individual with a disability" and that those failures have "cascaded, predictably and preventably, into Plaintiff's current homelessness, complete depletion of his Social Security Disability Income, and imminent irreversible harm to his ability to sit for and pass the July 28, 2026 California Bar Examination." (Doc. 1 at 1.) Mr. Marin alleges that DOR issued him an Individualized Plan for Employment (IPE) that identifies the vocational goal of passing the California Bar Exam and obtaining licensure as a California attorney. (*Id*. at 4.)

Apparently, Mr. Marin challenged some aspects of his IPE (or the services DOR determined were appropriate to provide under the IPE) in 2025, because the Complaint discusses a December 2025 decision by an administrative law judge. (*Id*. at 5.) Plaintiff asserts that the ALJ

1

did not address certain issues he raised and/or improperly declined to order all the relief he requested. (*Id.*)

Mr. Marin alleges that he was registered for the February 2026 California Bar Exam, but that DOR failed to timely arrange for "compliant" hotel accommodations for that exam. (*Id.* at 6.) As a result of that logistical problem as well as problems Plaintiff experienced with the ExamSoft software for the exam, Plaintiff did not appear for the February 2026 examination. (*Id.*) Plaintiff also complains that DOR improperly denied him: (1) a "high performance" laptop that he required for his vocational workload (*id.* at 6–7); and (2) access (presumably at DOR expense) to an "adequate office and study space during the February 2026 bar examination preparation period, including securement of hotel accommodations during examination periods and . . . workspace funding sufficient to support Plaintiff's appellate practice and bar preparation simultaneously." (*Id.* at 7.)

In mid-April 2026, Plaintiff submitted a DOR Fair Hearing Request encompassing the following issues: (1) DOR's refusal to reimburse him for the laptop of his choice; (2) DOR's failure to arrange accommodations for the February 2026 bar exam; (3) "ADA Title II structural inaccessibility in DOR's service delivery model"; (4) DOR's refusal to secure office and study space for him; (5) "detrimental reliance and housing harm"; (6) "ongoing financial harm from accommodation failures"; and (7) "judicial avoidance" by the ALJ who issued the December 2025 decision. (*Id.* at 5.)

Plaintiff contends that "as a direct and proximate result of the cascading failures described above" he lost his housing and is now sleeping in his vehicle. (*Id.* at 7–8.) The Complaint includes calculated "displacement costs" in the amount of $11,229.13 plus $306 in parking costs, which Plaintiff estimates will cover his subsistence needs from May 1, 2026 through the July 28, 2026 bar examination. (*Id.* at 10.)

The first cause of action in the Complaint alleges that DOR violated § 504 of the Rehabilitation Act, 29 U.S.C. § 794, by failing to provide Plaintiff with the services described above; declining to "fund the documented displacement costs resulting from those failures"; and failing to provide a meaningful hearing. (Doc. 1 at 11.) The second cause of action asserts a claim

2

under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, for DOR's failure to provide Plaintiff reasonable accommodations "necessary for Plaintiff's meaningful participation in the [Vocational Rehabilitation] program" based upon the denials discussed above. (Doc. 1 at 12.) The third cause of action advances a claim under California Welfare and Institutions Code § 19000 *et seq.*, based upon DOR's failure to provide services necessary to achieve his individualized vocational goal. (*Id.*) Finally, Plaintiff alleges that his procedural and substantive Due Process rights have been violated. (*Id.* at 13.)

On May 18, 2026, the same day he filed his Complaint, Plaintiff also filed an emergency application for a temporary restraining order and preliminary injunction. (Doc. 3.) Therein Mr. Marin requests that the Court order DOR to "immediately authorize and disburse subsistence funding totaling $11,229.13 (plus $306 in monthly parking permits)." (*Id.* at 1.) For the reasons set forth below, the motion for injunctive relief is **DENIED**.

## II.    STANDARD OF DECISION

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *R.F. by Frankel v. Delano Union Sch. Dist.*, 224 F. Supp. 3d 979, 987 (E.D. Cal. 2016). Injunctive relief is an "extraordinary remedy, never awarded as of right." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). As such, the Court may only grant such relief "upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. To prevail, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood that the moving party will suffer irreparable harm absent preliminary injunctive relief; (3) that the balance of equities tips in the moving party's favor; and (4) that preliminary injunctive relief is in the public interest. *Id.* Local Rule 231 governs the filing of requests for TROs in this District.

A preliminary injunction "can take two forms," either a "prohibitory injunction" or a "mandatory injunction." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 878–79 (9th Cir. 2009). A "prohibitory injunction" simply "preserve[s] the status quo pending a determination of the action on the merits," while a "mandatory injunction" "orders a responsible party to take action." *Id.* (quotation omitted). In the context of injunctive relief, "[t]he status quo means the last, uncontested status which preceded the pending controversy." *Garcia v.*

*Google, Inc.*, 786 F.3d 733, 740 n.4 (9th Cir. 2015) (internal quotation omitted). Mandatory injunctions are "particularly disfavored," and a plaintiff's burden is "doubly demanding" when seeking one. *Id.* "In general, mandatory injunctions are not granted unless extreme or very serious damage will result and are not issued in doubtful cases." *Marlyn Nutraceuticals*, 571 F.3d at 879 (internal quotation marks and citation omitted). Consequently, in seeking a mandatory injunction, plaintiffs must "establish that the law and facts *clearly favor*" their position. *Garcia*, 786 F.3d at 740 (emphasis in original). The nature of the relief sought here—an order requiring action in the form of payments by the Defendants—triggers the heightened mandatory injunction standard.

### III.   ANALYSIS

Plaintiff's motion must be denied because the Court is unable to find likelihood of success on the merits, let alone that "the law and facts clearly favor" Plaintiff.

First, Plaintiff cannot succeed on his Due Process claim because there is no private right of action under the Due Process Clause. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution."). Instead, "a litigant complaining of a violation of a constitutional right must utilize 42 U.S.C. § 1983." *Id.* (citations omitted). Plaintiff does not attempt to frame his Due Process claim as one arising under § 1983 and he cannot do so. This is because the only named defendant, DOR, is an agency of the State of California and therefore is immune from a suit for damages under § 1983. *See N. Ins. Co. of N.Y. v. Catham County, Ga.*, 547 U.S. 189, 193 (2006); *see also Lett v. California Dep't of Rehab.*, No. 2:12-CV-2265 MCE GGH, 2012 WL 5880440, at *3 (E.D. Cal. Nov. 21, 2012) ("The California Department of Rehabilitation cannot be sued for damages in federal court because of Eleventh Amendment immunity.").

As for Plaintiffs' other federal claims arising under the ADA and Rehabilitation Act, the Court has serious doubts as to their viability. Plaintiff's complaint focuses on services that DOR has refused to provide as part of his IPE. However, to make out a claim under the ADA, Mr. Marin must allege facts to support a plausible inference that "(1) he is a 'qualified individual with a disability'; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public

entity; and (3) such exclusion, denial of benefits, or discrimination was <u>by reason of his disability</u>." *Updike v. Multnomah Cnty.*, 870 F.3d 939, 949 (9th Cir. 2017) (emphasis added). Similarly, Section 504 requires allegations that suggest Mr. Marin was prevented from enjoying "'meaningful access' to a benefit <u>because of [his] disability</u>." *Mark H. v. Lemahieu*, 513 F.3d 922, 937 (9th Cir. 2008) (emphasis added); *see also Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002) (to establish Rehabilitation Act violation a plaintiff must show, among other things, that he was "denied the benefit or services solely by reason of [his disability]").

The difficulty here is that Plaintiff is attempting to bring these claims against DOR for administering a program that is only available to individuals with disabilities, and it remains unclear what, if any, program benefit Mr. Martin has been denied <u>due to his disability</u>. For example, in *Avila v. California*, No. 8:19-00613 JVS (ADS), 2021 WL 518710, at *6 (C.D. Cal. Jan. 4, 2021), *report and recommendation adopted* No. 8:19-00613 JVS (ADS), 2021 WL 515385, *6 (C.D. Cal. Feb. 10, 2021), the plaintiff alleged that DOR denied him Vocational Rehabilitation Services to attend law school "because he took 20 years to complete a Masters Degree because he is disabled." Even that allegation was insufficient to survive a motion to dismiss because the record revealed multiple, nondiscriminatory reasons existed for DOR's decision not to fund law school for the Plaintiff. *Id*; *see also Wildey v. California*, No. 07CV1154 JM (JMA), 2010 WL 1031211, at *7 (S.D. Cal. Mar. 19, 2010) (refusing to find an ADA or Rehabilitation Act violation for DOR employee who participated in vocational training program that was only available to disabled individuals, but separately evaluating whether the vocational training program provider reasonably accommodated employee's disability by providing a flexible schedule).

Unlike in *Avila*, the present allegations provide absolutely no insight into how DOR's decisions to deny Mr. Marin's requests for benefits were "because of" a disability. For one thing, the Complaint does not attach a copy of any decision from DOR about his benefits. Nor is it apparent on this record why Mr. Marin's disability would have factored into DOR's determination that it is inappropriate to purchase Mr. Marin a performance laptop or  provide him

with a subsistence stipend for the period from May 1 through July 28.[1]

Plaintiff argues that Defendant's "written admission" eliminates any core factual dispute and renders his success "near-certain." (Doc. 3 at 3–4.) But the written admission to which Plaintiff refers (*see* Doc. 3 at 4, 11) is a May 11, 2026 email from his DOR Counselor that appears to indicate DOR plans to pay for Plaintiff's food, hotel, and travel accommodations during the July 2026 bar exam itself. (Doc. 1 at 16.) This email confirms DOR's willingness to provide a benefit that is not in dispute; it does not justify a finding that Plaintiff is entitled to the additional benefits and payments he demands as part of this request for injunctive relief.

For these reasons, the Court cannot find likelihood of success on the merits. Thus, the request for injunctive relief (Doc. 3) is **DENIED**.

IT IS SO ORDERED.

Dated:  **May 20, 2026**

UNITED STATES DISTRICT JUDGE

---

[1] Though the Complaint also contains a state law claim arising under California Welfare and Institutions Code § 19000, Plaintiff does not mention that claim in his TRO request. Moreover, should the Court ultimately dismiss the federal claims, it likely would decline to exercise jurisdiction over the state law claim. *See* 28 U.S.C. § 1367(c)(3).

6