UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIGEL ALBERT MARIN, J.D., | Case No. 1:26-cv-03774-JLT-FJS |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED IN FORMA PAUPERIS BE DENIED |
| v. | |
| CALIFORNIA DEPARTMENT OF REHABILITATION, | (ECF. No. 2) |
| Defendant. | FOURTEEN (14) DAY DEADLINE |

On May 18, 2026, Plaintiff Nigel Albert Marin, J.D., proceeding *pro se*, filed this action seeking damages and injunctive relief against the California Department of Rehabilitation for its alleged failure to provide legally mandated vocational rehabilitation services to Plaintiff. (ECF No. 1.) Plaintiff did not pay the filing fee and instead filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.)

According to Plaintiff's application, he receives monthly income from social security disability in the amount of $2,165 per month after taxes. (ECF No. 2 at 2.) This amounts to an annual income of $25,980 ($2,165 x 12 months). Plaintiff states that he has one dependent child. (ECF No. 2 at 3.)

"To satisfy the requirements of 28 U.S.C. § 1915, applicants must demonstrate that

because of poverty, they cannot meet court costs and still provide themselves, and any dependents, with the necessities of life." *Soldani v. Comm'r of Soc. Sec.*, No. 1:19-cv-00040, 2019 WL 2160380, at *1 (E.D. Cal. Jan. 31, 2019).

Courts consistently consider disability type benefit payments, in making the *in forma pauperis* determination. *See, e.g., Lewis v. Center Market*, 378 F. Appx. 780, 783-85 (10th Cir. May 17, 2010) (affirming district court's denial of *in forma pauperis* status to appellant whose only income sources were social security and unemployment benefits); *Still v. Shinseki*, 490 F. App'x 413, 414 (3rd Cir. 2012) (considering disability payments in reviewing *in forma pauperis* application).

Many courts look to the federal poverty guidelines set by the United States Department of Health and Human Services ("HHS") as a guidepost in evaluating *in forma pauperis* applications. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 n.5 (11th Cir. 2004); *Boulas v. United States Postal Serv.*, No. 1:18-cv-01163- LJO-BAM, 2018 WL 6615075, at *1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to *in forma pauperis* application). For a family or household of two, the 2026 poverty guideline is $21,640. *See U.S. Federal Poverty Guidelines Used to Determine Financial Eligibility for Certain Federal Programs*, available at https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited May 21, 2026).

Having considered Plaintiff's application, the court finds that he has not made the showing required by section 1915 that he is unable to pay the required fees for this action. Plaintiff has attested to household employment income that exceeds the federal poverty guidelines. (ECF No. 2.) Accordingly, there is no indication that Plaintiff is unable to pay the filing fee while also providing for the necessities of life.

For the foregoing reasons, it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed without prepayment of fees and costs (ECF No. 2) be DENIED; and

2. Plaintiff be required to pay the $405.00 filing fee in full to proceed with this action.

These findings and recommendations are submitted to the United States district judge

2

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within <u>fourteen (14) days</u> after being served with these findings and recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." <u>Objections, if any, shall not exceed fifteen (15) pages or include exhibits. Exhibits may be referenced by document and page number if already in the record before the court. Any pages filed in excess of the 15-page limit may be disregarded.</u> The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **May 22, 2026**                                    _____

UNITED STATES MAGISTRATE JUDGE

3