UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIGEL ALBERT MARIN, J.D.,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF REHABILITATION,<br><br>Defendant. | Case No. 1:26-cv-03774-JLT-FJS<br><br>ORDER RE: PLAINTIFF'S MOTION FOR RECONSIDERATION<br><br>(ECF Nos. 5, 7)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(ECF No. 2)<br><br>ORDER RE: PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT<br><br>(ECF No. 6) |

I.      UNDERLINE INTRODUCTION

I.      <u>INTRODUCTION</u>

Plaintiff Nigel Albert Marin ("Plaintiff") initiated this action against Defendant, the California Department of Rehabilitation ("Defendant") on May 18, 2026. (ECF No. 1.) That same day Plaintiff also filed a motion to proceed *in forma pauperis*. (ECF No. 2.) On May 22, 2026, the undersigned issued findings and recommendations denying Plaintiff's motion to proceed *in forma pauperis*. (*See* ECF No. 3.)

On June 11, 2026, Plaintiff filed a motion for reconsideration of the undersigned's findings and recommendation. (*See* ECF No. 7.) Plaintiff's motion for reconsideration presents itemized expenses and additional evidence in support of his inability to pay the court's fees and costs, which are normally included in a long form application. (*Id.*) Recognizing that this court did not previously grant Plaintiff leave to file a long form application, the court now finds it appropriate to VACATE the previous findings and recommendations that Plaintiff's application to proceed *in forma pauperis* be denied (ECF No. 5) and address the pending motion for reconsideration on its merits. Upon review of the motion for reconsideration, the court HEREBY GRANTS Plaintiff's application to proceed *in forma pauperis*.

On June 11, 2026, Plaintiff filed a motion for leave to file a first amended complaint. (*See* ECF No. 6.) As discussed further below, the twenty-one (21) day deadline to file amendments as a matter of course has not yet lapsed. *See* Fed. R. Civ. P. 15. Accordingly, Plaintiff is permitted to file a first amended complaint without leave of the court.

II.    LEGAL STANDARD

Motions to reconsider are directed to the sound discretion of the court, but considerations of judicial economy weigh heavily in the process. *Ashanti v. Obama*, No. 2:14-CV-1644 KJN-P, 2014 WL 6670224 (E.D. Cal. Nov. 24, 2014) (internal citations omitted). Furthermore, Local Rule 230(j) provides:

> "Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts, counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:
> (1)    When and to what Judge or Magistrate Judge the prior motion was made;
> (2)    What ruling, decision, or order was made thereon;
> (3)    What new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion;
> (4)    Why the facts or circumstances were not shown at the time of the prior motion."

L.R. 230(j).

A.  Applications to Proceed *In Forma Pauperis*

"An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Many courts look to the federal poverty guidelines set by the United States Department of Health and Human Services as a guidepost in evaluating *in forma pauperis* applications. *See Boulas v. United States Postal Ser*v., No. 1:18-cv-01163-LJO-BAM, 2018 WL 6615075, at *1 (E.D. Cal. Nov. 1, 2018) (applying federal poverty guidelines to *in forma pauperis* application). Importantly, "a party need not be completely destitute to proceed *in forma pauperis*." *Adkins v. E.I. DuPont De Neumours & Co.,* 335 U.S. 331, 339-40 (1948). Therefore, the poverty guidelines should not be considered in a vacuum; rather, courts are to consider income in the context of overall expenses and other factors, including savings and debts. *J.E.S. by Martinez v. Comm'r of Soc. Sec.,* No. 1:21-CV-000784-NONE-SAB, 2021 WL 2941570, at *1 (E.D. Cal. July 13, 2021).

Yet, proceeding "*in forma pauperis* is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965). "A plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Berner v. Comm'r of Soc. Sec. Admin*., No. CV-23-00677-PHX-JAT, 2023 WL 3246978 (D. Ariz. May 4, 2023) (citing *United States v. McQuade,* 647 F.2d 938, 940 (9th Cir 1981) (internal citations omitted). Accordingly, the court is "entitled to consider the economic priority plaintiff places on the use of [their] money," regardless of its source. *Evans v. Sherman*, No. 1:19-CV-00760-LJO-JLT (PC), 2019 WL 5377040 (E.D. Cal. Aug. 21, 2019), *report and recommendation adopted*, No. 1:19-CV-00760-LJO-JLT(PC), 2019 WL 5309110 (E.D. Cal. Oct. 21, 2019) (citing *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995)).

III.    DISCUSSION

A.  Plaintiff's Motion for Reconsideration is Granted and Plaintiff May Proceed *In Forma Pauperis*

As an initial matter, the court notes that Plaintiff's initial short form application to proceed *in forma pauperis* did not otherwise demonstrate that due to poverty, Plaintiff could not pay or

give security for the court's costs. (*See* ECF No. 2.) Based on the original application, the court noted that Plaintiff's source of income for a household of two exceeded federal poverty guidelines and thus recommended that Plaintiff's application to proceed *in forma pauperis* be denied. (ECF No. 5.)

Plaintiff's motion for reconsideration provides the requisite particularity, definiteness, and certainty that supports granting Plaintiff's application to proceed *in forma pauperis*. Specifically, Plaintiff claims fixed Social Security Disability Insurance income in the amount of $2,165.00, but $3,387 in monthly expenses. (ECF No. 7 at 4.) Moreover, Plaintiff avers that he is homeless, which is "expensive" due to the need for payment of all basic necessities at "retail price." (*Id.*) Specifically, Plaintiff certifies monthly expenses in the amount of: (1) $1,500 for vehicle fuel and maintenance; (2) $200 in laundry, gym, and other hygiene costs; (3) $12 in medical expenses; (4) $40 in court ordered child support; (5) $40 in telephone and data service; (6) $1,350 in food expenses; (7) $234 in storage expenses; and (8) $18 in post office box rent. (ECF No. 7 at 8-9.) Even though some of Plaintiff's expenses appear somewhat high, such as fuel costs and certain hygiene costs, "they do not appear exorbitant or implausible" given that Plaintiff is living out of his car. *Townsend v. Ruiz*, No. 2:20-CV-1179-KJM-ACP, 2022 WL 1811284 (E.D. Cal. June 2, 2022), *report and recommendation adopted,* No. 2:20-CV-1179-KJM-ACP, 2022 WL 2670238 (E.D. Cal. July 11, 2022).

The court further notes that Plaintiff's short form application indicated that he did not own any assets such as automobiles. Yet, Plaintiff's motion for reconsideration indicates significant expenses incurred in connection with a 2014 Audi Q5. Nonetheless, the court will accept Plaintiff's precise breakdown of monthly expenses, as Plaintiff's costs and expenses appear more delineated than those initially proffered in the short form application. *See Townsend,* 2022 WL 1811284 (vacating findings and recommendations to deny IFP status upon plaintiff's allegation of homelessness and directing plaintiff to file a long form application accordingly).

Given that Plaintiff's sworn expenses exceed his income by $1,222, his current unemployment, and his ongoing homelessness, the court finds it appropriate to VACATE the initial findings and recommendations (ECF No. 5) and to grant Plaintiff's application to proceed

*in forma pauperis* (ECF No. 2). *See Turner v. Rimon L.,* No. 23-CV-04062-PHK, 2023 WL 12141344 (N.D. Cal. Aug. 30, 2023) (granting plaintiff's application to proceed *in forma pauperis* where unemployed plaintiff only had a 2018 Kia Soul in assets and monthly expenses that exceed savings).

### B. Plaintiff's Motion for Reconsideration is Deemed Timely Submitted

To the extent Plaintiff's motion for reconsideration was, in essence, an attempt to object to the undersigned's findings and recommendations denying Plaintiff leave to proceed *in forma pauperis* after the fourteen (14) day objection deadline had passed, the court finds that any delay was the result of excusable neglect. Accordingly, the court will direct the Clerk of the Court to deem the motion for reconsideration timely filed as of June 11, 2026.

Under Federal Rule of Civil Procedure 6(b), when a party fails to timely file a brief, "the court may, for good cause, extend the time" to file such brief "if the party failed to act because of excusable neglect." Fed. R. Civ. Proc. 6(b) "Excusable neglect 'encompasses situations in which the failure to comply with a filing deadline is attributable to negligence,'" and may include "'omissions caused by carelessness.'" *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs., Ltd.*, 507 U.S. 380, 388, 394 (1993)) (alterations omitted). "The determination of whether neglect is excusable 'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395). In determining whether the neglect was excusable, the court considers: "(1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000) (citing *Pioneer*, 507 U.S. at 395). These factors are "not an exclusive list." *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997). The court must consider "all relevant circumstances," *Pioneer*, 507 U.S. at 395.

The court will consider each of the factors outlined in *Pioneer,* in turn. *Id.* First, Defendants will not suffer from prejudice because there has been no appearance or service of process in this action, therefore, any "delay" in receiving an operative complaint does not effect

Defendant's time to file a response. Second, the court finds that any delay in filing the motion for reconsideration or for leave to amend was minimal and does not impact the proceedings. *See C.H. by & through Harriger v. Fruitvale Sch. Dist.*, No. 1:24-CV-00001-KES-CDB, 2024 WL 1799328, at *2 (E.D. Cal. Apr. 25, 2024) (finding a delay of ten days was "minimal and did not significantly impact the proceedings"). Third, Plaintiff provides mostly compelling reasons for delay, specifically, a medical emergency in his family, exclusion from the site where he is storing his personal effects, and an ongoing lack of access to housing. (ECF No. 7 at 5.) Lastly, the court finds that Plaintiff seeks reconsideration of undersigned's denial of his application to proceed *in forma pauperis* (ECF No. 5) in good faith because Plaintiff presented appropriate "new circumstances" justifying his motion under Local Rule 230(j), and as soon as reasonably practicable under the circumstances. *See* L.R 230(j).

Based on the record, the court concludes that any failure to timely file objections to the findings and recommendations (ECF No. 5) and/or the motion for reconsideration (ECF No. 7) was the result of excusable neglect. Accordingly, the court will deem Plaintiff's motion for reconsideration timely filed as of June 11, 2026.

### C.  Plaintiff's First Amended Complaint

The court is in receipt of Plaintiff's motion to file a first amended complaint pursuant to Federal Rule of Civil Procedure 15. [1] (*See* ECF No. 6.) The Clerk of the Court is also in receipt of Plaintiff's first amended complaint as of June 11, 2026, but has waited to docket the amended complaint pending the undersigned's resolution of Plaintiff's motion for leave to file a first amended complaint. (*See Id.*)

Because Plaintiff continues to proceed in this action *pro se*, and now that Plaintiff has been granted leave to proceed *in forma pauperis,* no summons will issue at this time. Pursuant to 28 U.S.C. § 1915A, the court will screen Plaintiff's complaint in due course.

---

[1] Plaintiff did not attach a proposed amended complaint with his motion seeking leave to amend. If Plaintiff moves to amend his complaint in the future, he should attach a copy of the proposed amendments to his motion. *Yescas v. McCourt*, No. 23-CV-106 TWR (AHG), 2023 WL 8655865, at *3 (S.D. Cal. Dec. 14, 2023) ("it is preferable for [p]laintiff to file a proposed amended complaint" to accompany their motion for leave to amend).

Accordingly, the Clerk of the Court will be instructed to docket Plaintiff's first amended complaint as filed on June 11, 2026.

### IV.   CONCLUSION AND ORDER

For the reasons explained above, and for good cause appearing, it is HEREBY ORDERED that:

(1) The findings and recommendations denying Plaintiff's application to proceed *in forma pauperis* (ECF No. 5) are VACATED;

(2) Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is GRANTED; and

(3) The Clerk of the Court is DIRECTED to deem Plaintiff's first amended complaint as filed as of June 11, 2026.

Plaintiff is advised that the court is required to screen complaints of *pro se* litigants proceeding *in forma pauperis* pursuant to Title 28 of the United States Code section 1915(e)(2). The court will proceed to screen the first amended complaint that the Clerk of the Court received on June 11, 2026. The original complaint filed May 18, 2026, is superseded.

IT IS SO ORDERED.

Dated:   **July 1, 2026**

_____

UNITED STATES MAGISTRATE JUDGE